956 F.2d 270
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Susan J. TIPTON, Plaintiff-Appellant,
v.
CSX TRANSPORTATION, INC., Defendant-Appellee.
 No. 91-3333.
 United States Court of Appeals, Sixth Circuit.
 March 9, 1992.
 
 Before BOGGS and ALAN E. NORRIS, Circuit Judges, and ENGEL, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Susan J. Tipton sued her former employer, CSX Transportation, Inc., under the Federal Employer's Liability Act, 45 U.S.C. §§ 51-60 (1988) ("FELA"). Tipton alleged that CSX breached its statutory duty to provide a reasonably safe place to work but the district court dismissed her suit after a jury failed to find CSX negligent. The court then denied Tipton's subsequent motion for a new trial or for judgment notwithstanding the verdict. Tipton now appeals that order, which, for the following reasons, we affirm.
 
 BACKGROUND
 
 2
 Susan J. Tipton sustained chronic back injuries while performing her duties as a clerk in the offices of CSX Transportation, Inc. Intermittently, those duties required that she substitute for janitors who were absent. The janitor's responsibilities included hauling several 30-gallon trash bins out to a dumpster. On December 8, 1987, Tipton hurt her back as she emptied a 30-gallon trash bin.
 
 
 3
 Tipton then brought this action under FELA. FELA governs because CSX operates a railroad. The statute provides a cause of action for railroad employees who sustain injuries that are caused by their employer's negligence. Rogers v. Missouri Pac. R.R., 352 U.S. 500, 507-08 (1956). By enacting the statute Congress assigned railroads a duty to provide workers with a reasonably safe place to work, Bailey v. Central V.R.R., 319 U.S. 350, 352-53 (1943). This entails among others, a duty to assign workers to jobs for which they are qualified and a duty to avoid placing workers in jobs beyond their physical capacity, Fletcher v. Union Pacific R.R., 621 F.2d 902, 909 (8th Cir.1990). Tipton alleges that CSX caused her injuries when it negligently breached that duty. Specifically, she asserts that the railroad breached one or more of several particular duties, including the duty to "use reasonably safe methods in its operations"; the duty "to provide additional help to [Tipton] to perform an assigned task which was too strenuous for one person;" and the duty "to warn [Tipton] of consequences of doing heavy work manually and without help."
 
 
 4
 At trial, Tipton failed to persuade the jury, which returned a special verdict that it did not find CSX negligent. Because the statute conditions recovery on a finding that the employer was negligent, the district court then dismissed the suit. On appeal, Tipton objects to the jury verdict on two grounds. First, she argues that the district court's jury instructions biased the jury against finding negligence. In addition, she argues that there was no evidence to support the jury's verdict.
 
 
 5
 * First, we review the jury instructions. Where an appellant challenges jury instructions, we reverse only where the instructions, when considered as a whole, were confusing, misleading, or prejudicial. Leila Hospital and Health Center v. Xonics Medical Systems, Inc., 948 F.2d 271 (6th Cir.1991). Tipton argues here that the instructions regarding the relative duties of care owed by the parties unfairly biased the jury against finding CSX negligent. We disagree.
 
 
 6
 As it outlined the inquiry into CSX's alleged negligence, the district court instructed the jury that CSX owed plaintiff the following duty of care:
 
 
 7
 It was the continuing duty of the [employer] ... to use ordinary care under the circumstances and furnishing [sic] the plaintiff with a reasonably safe [work]place and to use ordinary care ... to maintain and keep such [work]place ... in a reasonably safe condition.
 
 
 8
 This does not mean, of course, that the employer is a guarantor or insurer of the safety of the place to work. The extent of the employer's duty is to exercise ordinary care ... to see that the [work]place ... is reasonably safe under the circumstances....
 
 
 9
 The court also framed the jury's inquiry into Tipton's contributory negligence. It described her duty of care as follows:
 
 
 10
 It was the continuing duty of the plaintiff to exercise reasonable care to inform herself of her surroundings and of the character and objects of which she might come in contact and of any condition which may create a danger or hazard for her and to use ordinary care to avoid injury.
 
 
 11
 The defendant alleges ... contributory negligence.... If you find by a preponderance of the evidence that plaintiff did not exercise ordinary care to avoid injury and that such lack of care contributed in whole or in part to the plaintiff's injury, then she was negligent.
 
 
 12
 Tipton argues that, taken together, these instructions unduly influenced the jury away from finding CSX negligent.
 
 
 13
 We note at the outset that Tipton does not suggest, nor do we find, that the challenged instructions misstate the law under FELA. Beyond that, we simply do not see the potential for bias that Tipton sees.
 
 
 14
 Tipton points to three sources of bias. First, she finds prejudice because the jury instructions, in her view, improperly assign her a duty greater than that placed on her employer. Fortunately, our inquiry does not require that we evaluate the relative magnitudes of these duties, for we are not sure how to measure them. We need only determine whether the district court accurately described for the jury the duties that Congress, in enacting FELA, allocated to employers and employees. Finding that it indeed has, we need not evaluate which duty is greater.
 
 
 15
 Tipton's second example of prejudice is the instruction informing the jury that Tipton's negligence might be the sole cause of her injury. That instruction, she argues, "unfairly emphasized" the employer's defense based on contributory negligence. Because an injured employee's negligence might indeed be the sole cause of her injuries, however, we find no error. We fail to see the potential for prejudice where, as here, the district court instructs the jury that it might find no proof that Tipton was negligent, or, if it does, that it might find no proof that her negligence was a contributing cause of her injuries, or, alternatively, that it might find that her negligence was a cause in whole or in part of her injuries. In fact, we find the challenged instruction to be notably neutral, and, as a result, Tipton's charge that the instruction "unfairly emphasized" the contributory negligence defense appears baseless.
 
 
 16
 We are similarly unmoved by Tipton's third example of bias. Tipton maintains that the instructions describe CSX's duties only in general terms while, in contrast, they detail Tipton's duties, such as the duty "to inform herself" and learn "of any condition which may create a danger or hazard." In the process, Tipton argues, the instructions improperly impose upon her "non-delegable duties imposed under the law upon the [employer.]" Where she has the "continuing duty" to "inform herself" of all the unsafe conditions and avoid them, Tipton explains, CSX's duty to provide a safe workplace becomes negligible.
 
 
 17
 Implicit in that argument is the premise that the parties' relative duties of care are interdependent. While we do not dispute that premise, and the related proposition that prejudice may result where a court exaggerates the duty owed by one party, we simply find no such exaggeration here. The only exaggeration that we find lies in Tipton's characterization of the district court's instruction. Contrary to her representation, for example, the court did not attribute to Tipton an absolute duty to inform herself of her surroundings and any potential dangers. Rather, it attributed to her a duty to exercise reasonable care to inform herself. Likewise, the court described Tipton's duty "to use ordinary care to avoid injury," not, as Tipton indicates, an absolute duty to avoid unsafe conditions. As given to the jury, these instructions shift no non-delegable duties of the employer onto the employee. Nor do they so greatly diminish the employer's duties that prejudice results. Similarly, we cannot square Tipton's position that the district court described CSX's duties only in general terms with the court's instruction to the jury in which it particularized Tipton's allegations of negligence. The instruction stated that:
 
 
 18
 Plaintiff alleges that defendant's conduct ... was negligent in the following particulars:
 
 
 19
 One: In failing to exercise ordinary care to furnish plaintiff with a reasonably safe place to work.
 
 
 20
 Two: In failing to exercise ordinary care to use reasonably safe methods in its operation.
 
 
 21
 Three: In failing to provide additional help to plaintiff to perform an assigned task which was too strenuous for one person when it knew or should have known and foreseen that she would be subject to jeopardy of injury in performing the task without help.
 
 
 22
 This instruction tracks the language of Tipton's complaint. It is simply inaccurate to characterize the instructions as defining CSX's duties only in general terms.
 
 
 23
 Finally we are unpersuaded by Tipton's reliance on Ackley v. Chicago and North Western Transp. Co., 820 F.2d 263 (8th Cir.1987). Somewhat akin to this case, Ackley involved an employee's challenge to a jury instruction describing an employer's duty of care under FELA. (Here in contrast Tipton's challenge focuses primarily on the instruction regarding the employee's duty, as well as the interaction of the instructions regarding the respective parties' duties of care.) In Ackley, the Eighth Circuit considered an instruction stating that "[t]he Defendant has a right to assume that its employees will exercise reasonable care for their own safety and that they will not disobey safety rules and practices." Id. at 266. The court found the instruction "particularly prejudicial ... because it negates the Railroad's duty reasonably to foresee that [the employee] would perform his tasks under unsafe conditions." Id. at 268. Ackley is inapposite here. There, the Eighth Circuit attributed the prejudice entirely to the notion that the railroad had a right to assume safe employee conduct:
 
 
 24
 What the Railroad is entitled to assume about its employees behavior [ ] bears directly on the question of its own duties. If the Railroad may assume that an employee will not act negligently, then the scope of foreseeability charged to the Railroad is diminished.
 
 
 25
 ....
 
 
 26
 An employer ... may not assume away its nondelegable duties.... [The] instructions [must] set[ ] out the parties' respective duties without reference to any right to assume certain behavior."
 
 
 27
 820 F.2d at 268, 269 (emphasis added but citations omitted). In our appeal, the instruction regarding CSX's duty made no mention of its right to assume that Tipton would exercise reasonable care, or to assume anything else. Instead Tipton objects to the instruction that she in fact owed such a duty. Plainly however, the principle underlying Ackley --that an employer has no right to assume that its employees will exercise reasonable care--does not demand a corollary proposition that an employee therefore has no duty to exercise reasonable care. Duties of care are interdependent but they are not complementary. Contributory negligence would otherwise be meaningless. Ackley merely forbids an instruction stating that an employer may assume that its employee is not negligent; it does not forbid an instruction that an employee owes a particular duty of care.
 
 
 28
 We find no prejudice in the challenged jury instructions, and we affirm the district court's order denying a new trial.
 
 II
 
 29
 The jury returned a verdict that Tipton failed to prove by a preponderance of the evidence that CSX was negligent. On appeal, Tipton seeks to reverse that verdict on the grounds that it was unsupported by the evidence.
 
 
 30
 Tipton's theory of negligence was that CSX breached its duty to assign Tipton work that she was physically capable of performing. The evidence at trial relative to CSX's alleged negligence consisted solely of Tipton's testimony. Specifically she testified that the trash bins, because the railroad allowed trash to accumulate for at least two business days, were overstuffed; that she had no access to extra trash bags with which she might reduce the size of each load; and that, although the job description called for lifting a maximum load of fifty pounds, she estimated that the trash bags weighed 60-65 pounds. On appeal, Tipton argues that because CSX presented no evidence or cross-examination to contradict her testimony, there is no evidence to support the jury's verdict.
 
 
 31
 We accord substantial deference to jury verdicts. "[I]n testing the sufficiency of the evidence, we may neither weigh the evidence, pass on the credibility of witnesses nor substitute our judgment for that of the jury." Marsh v. Arn, 937 F.2d 1056, 1060 (6th Cir.1991) (quotations omitted). Rather, we must view the evidence in the light most favorable to the appellee, drawing all reasonable inferences in its favor. Id. In that light, the evidence is clearly sufficient to support the jury's failure to find, by a preponderance of evidence, that CSX was negligent. As CSX points out, the jury is not obliged to believe Tipton's testimony and conclusions merely because her factual assertions went uncontradicted. Moreover, there was considerable testimony from which the jury might reasonably have inferred that CSX was not negligent. Tipton testified, for example, that she controlled the number of trips that she made to the dumpster and the volume of each load; that she did not look for extra trash bags; that she could have removed some of the heavier objects from the bags; and that she did not try to find her supervisor to complain about the unusually heavy loads. Nor was there objective evidence that the trash was as heavy as Tipton estimates. In short, because the record contains sufficient evidence to justify a rational juror's failure to find CSX negligent, we cannot upset the verdict.
 
 
 32
 Because the jury's verdict rests on sufficient evidence, and because it is not the product of prejudicial jury instructions, we affirm the district court's order denying Tipton's motion for a new trial or judgment notwithstanding the verdict.
 
 
 33
 AFFIRMED.